UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| BILLIE BENJAMIN, | : | |
| Petitioner, | : | 13 Civ. 5639 (PAC) (AJP) |
| -against- | : | **REPORT AND RECOMMENDATION** |
| T. GRIFFIN, Superintendent, Eastern Correctional Facility, | : | |
| | : | |
| Respondent. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Paul A. Crotty, United States District Judge:**

        Pro se petitioner Billie Benjamin seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his May 17, 2007 conviction following a guilty plea in Supreme Court, New York County of second degree attempted burglary and sentence to twelve years to life imprisonment. (Dkt. No. 2: Pet. ¶¶ 1-5.) Benjamin's habeas petition asserts that his constitutional right to due process was violated because his guilty plea was premised on inaccurate information provided by the prosecution and therefore involuntary. (Pet. ¶ 12.)

        For the reasons set forth below, Benjamin's habeas petition should be <u>DENIED</u> as barred by the AEDPA's one-year statute of limitations (and frivolous).

**FACTS**

**Background**

        Benjamin burglarized an apartment at 22 East 8th Street in Manhattan on July 22, 2005, stealing approximately $40,000 worth of property. (Dkt. No. 7-2: State Opp. Br. at 2.) One

year later, on July 19, 2006, police arrested Benjamin in connection with a different burglary. (State Opp. Br. at 2.) Following that arrest, Benjamin admitted to the July 25, 2005 burglary. (State Opp. Br. at 2.) An indictment charged Benjamin with second degree burglary and third degree grand larceny. (State Opp. Br. at 3.)

**Plea Allocution & Sentence**

On April 26, 2007, Benjamin plead guilty before Justice Gregory Carro in Supreme Court, New York County, to second degree attempted burglary. (Dkt. No. 8: Plea Transcript ["P."] 4-8.) In exchange for the plea, Benjamin, a mandatory persistent violent felony offender (P. 8-9), would receive the twelve-years to life imprisonment minimum sentence allowable under the sentencing statute (P. 2, 5-6). Further, the prosecution promised not to charge Benjamin with the May 3, 2006 burglary. (P. 5.) Although Benjamin's counsel asked that the complaint number associated with the 2006 crime be placed on the record at that time, the number was not readily available. (P. 2-4.) Justice Carro instructed that the complaint number should be placed on the record at sentencing. (P. 3.) Defense counsel said he wanted the specific number to "ensure that there would be no risk of that falling through the crack later." (P. 3.) Justice Carro said the number is "not a problem if [the ADA] told you he's covering that case," i.e., that this plea satisfied that case as well. (P. 3.) Justice Carro added: "It's a paper. I don't understand what your concern is. You're told it's going to be covered. If it's not covered, he can have his whole plea back." (P. 4.)

Benjamin confirmed that he was pleading guilty voluntarily, that he had consulted his lawyer prior to pleading guilty, and that no one had threatened or coerced him to plead guilty. (P. 5, 7.) Benjamin affirmed that, with the exception of Justice Carro's promise as to his sentence and the prosecution's promise not to pursue the 2006 burglary, no one had made any promises to him. (P. 6.) Benjamin acknowledged that he understood that by pleading guilty, he was forfeiting

his right to a jury trial, to "confront and challenge evidence through cross-examination . . . [and] to present a defense before a jury." (P. 6.)

On May 17, 2007, Justice Carro sentenced Benjamin as promised to twelve years to life as a mandatory persistent violent felony offender. (Dkt. No. 8: Sentencing Transcript ["S."] 3.) Benjamin's counsel reiterated that the 2006 burglary would not be prosecuted and read into the record the corresponding complaint number (2006 06-026134) provided by the District Attorney's Office. (S. 2-3.)

**Direct Appeal**

On direct appeal, Benjamin's assigned appellate counsel moved for leave to withdraw, pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967), on the ground that there was no non-frivolous issue on which to base an appeal. (Dkt. No. 7-2: State Opp. Br. at 5.) On October 22, 2009, the First Department granted counsel's application to withdraw and affirmed Benjamin's conviction. People v. Benjamin, 66 A.D.3d 561, 886 N.Y.S.2d 600 (1st Dep't 2009). The District Attorney served Notice of Entry of the First Department's decision on Benjamin's counsel on October 26, 2009. (Ex. A: 10/26/09 Notice of Entry.)[1/] Benjamin did not seek leave to appeal to the New York Court of Appeals. (Dkt. No. 2: Pet. at 2; State Opp. Br. at 5.)

**Benjamin's § 440 Motion in State Court**

Almost three years later, on June 19, 2012, Benjamin filed a pro se motion to vacate the judgment pursuant to C.P.L. § 440. (Dkt. No. 2: Pet. ¶ 11; Ex. B: Benjamin § 440 Motion.) Benjamin's § 440 motion challenged the validity of his guilty plea, alleging that he "was induced [to plead guilty] by the prosecutor's misinformation." (Ex. B: Benjamin Aff. ¶ 4.) According to

---

[1/]   Reference to "Exs." are to the Exhibits (Dkt. No. 7-1) to the Answer (Dkt. No. 7).

4

Benjamin, the number read at sentencing did not correspond to Benjamin's 2006 burglary; rather, the number referenced an unrelated case. (Benjamin Aff. ¶ 15.) Benjamin contended that had he known at the time of sentencing that the number was erroneous, he would not have plead guilty. (Benjamin Aff. ¶ 17.) The State's opposition papers stated that the inaccurate complaint number (2006 06-026134) amounted "to a scrivener's error," the correct number was 2006 06-02514, and that, as promised, Benjamin was not prosecuted for the 2006 burglary. (Ex. C: Leet Opp. Aff. ¶¶ 8-9.)

On August 8, 2012, Justice Carro denied Benjamin's motion, finding "no reasonable possibility that it is true that [Benjamin] was induced to plead guilty by the prosecutor's misrepresentation. It is of no legal significance here that the prosecutor supplied an incorrect 'open 61' number to defense counsel." (Ex. D: 8/8/12 Decision & Order at 2.) The First Department denied leave to appeal on March 5, 2013. (Ex. F: 3/5/13 Cert. Denying Leave.)

**Benjamin's Federal Habeas Petition**

On July 29, 2013, Benjamin mailed his pro se federal habeas corpus petition, arguing that his involuntary guilty plea violated his right to due process because the plea was premised upon false information provided by the prosecutor. (Dkt. No. 2: Pet. ¶ 12 & 7/29/13 Cover Letter.)

## ANALYSIS

## BENJAMIN'S HABEAS PETITION SHOULD BE DENIED AS TIME-BARRED

Benjamin's habeas petition is barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitation.

The AEDPA established a one-year limitations period for habeas corpus petitions, as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

### A.    Benjamin's Petition is Barred Under § 2244(d)(1)(A) of the AEDPA

The First Department affirmed Benjamin's conviction on October 22, 2009, and Benjamin was served with Notice of Entry on October 26, 2009.  (See page 3 above.)  Benjamin's conviction therefore became final on November 25, 2009, thirty days after October 26, 2009, when Benjamin's time to appeal to the New York Court of Appeals expired.  C.P.L. § 460.10(5)(a) requires that an application for leave to appeal must be filed "[w]ithin thirty days after service upon the appellant of a copy of the order sought to be appealed."  C.P.L. § 460.10(5)(a).  Under the AEDPA's one-year limitations period, therefore, the date by which to timely file a federal habeas petition was November 25, 2010.  Benjamin, however, did not file this petition until July 29, 2013.  (See page 4 above.)

Benjamin filed his C.P.L. § 440 motion on June 19, 2012 (see page 3 above) – more than eighteen months after the November 25, 2010 expiration of his AEDPA filing deadline.  It is black letter law that a C.P.L. § 440 motion filed after expiration of the AEDPA limitations period does not start the one-year limitation period anew.  See, e.g., Diaz v. Kelly, 515 F.3d 149, 152 (2d Cir.) ("Because [defendant's] one year statutory filing period [under the AEDPA] had already

6

expired, this subsequent state court collateral attack does not toll the federal limitations period."), cert. denied, 555 U.S. 870, 129 S. Ct. 168 (2008); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) ("[S]tate-court applications for collateral relief do not 'restart' the AEDPA limitations period."); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."), cert. denied, 531 U.S. 840, 121 S. Ct. 104 (2000).[2]

---

[2] See also, e.g., Doe v. Menefee, 391 F.3d 147, 154 (2d Cir. 2004), cert. denied, 546 U.S. 961, 126 S. Ct. 489 (2005); Tuitt v. Martuscello, 12 Civ. 1003, 2013 WL 5508385 at *12 n.14 (S.D.N.Y. Oct. 3, 2013) ("Petitioner's subsequently filed state court motions and petitions do not reset the starting date of the limitations period because each was filed after the May 1, 2007 [AEDPA limitations] deadline."); De Los Santos v. Ercole, 07 Civ. 7569, 2013 WL 1189474 at *2-3 (S.D.N.Y. Mar. 22, 2013) ("Although Petitioner did commence a collateral attack by filing a § 440.10 motion in April 2004, such collateral attacks do not reset the statute of limitations."); King v. Lee, No. 11-CV-0213, 2012 WL 1038562 at *2 (W.D.N.Y. Mar. 27, 2012) (petitioner not entitled to statutory tolling because the AEDPA's one-year limitations period had expired prior to the C.P.L. § 440 motion filing); Barnes v. Bradt, 09 Civ. 9533, 2012 WL 691530 at *3 (S.D.N.Y. Feb. 29, 2012) (petitioner not entitled to statutory tolling because coram nobis petition was filed after the AEDPA limitations period had expired); Bramble v. Connolly, No. 10-CV-5775, 2011 WL 2471515 at *3 (E.D.N.Y. June 21, 2011) (Petitioner "moved to vacate his conviction on December 22, 2008, more than four months after the deadline for filing his federal habeas petition. Because the limitations period had already expired, [petitioner] finds no comfort in the tolling that otherwise would apply under 28 U.S.C. § 2244(d)(2) to the time period during which his § 440 motion was pending."); Lawrence v. Greene, No. 06-CV-0202, 2011 WL 1327128 at *3 (E.D.N.Y. Mar. 31, 2011) (Although "Petitioner filed a Section 440.10 motion, it was not filed until after the one-year limitations period under the AEDPA had already expired and, thus, was not 'pending' at any time during that one-year period. Accordingly, the motion does not toll the one-year limitations period."); Oberoi v. Cook, 09 Civ. 9274, 2010 WL 1010055 at *1 (S.D.N.Y. Mar. 19, 2010) (Peck, M.J.), report & rec. adopted, 2010 WL 1404176 (S.D.N.Y. Apr. 7, 2010); Williams v. Conway, 596 F. Supp. 2d 770, 774 (W.D.N.Y. 2009) ("A state-court collateral attack on a conviction cannot toll an already expired limitations period. Nor does a belatedly filed state-court collateral attack serve to start the limitations period running anew." (citations omitted)); Frawley v. Brown, No. 07-CV-4580, 2007 WL 4264607 at *2 (E.D.N.Y. Nov. 30, 2007) ("Petitioner is not entitled to statutory tolling because his post-conviction motion . . . does not operate to toll the running of the limitations

(continued...)

Accordingly, Benjamin's habeas petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

### B.     Benjamin's Petition Also is Barred Under § 2244(d)(1)(D)

Benjamin, however, asserts that the limitations period is governed by 28 U.S.C. § 2244(d)(1)(D) because the factual predicate of the claim, the erroneous complaint number, was not discovered until "after Benjamin submitted his motion," i.e., his direct appeal.  (Dkt. No. 2: Pet. ¶ 14 & p. 10 ¶ 12.)  Benjamin's argument is untenable on the record before this Court.  Both Benjamin's C.P.L. § 440 motion and his habeas petition state that Benjamin's appellate attorney discovered the erroneous number "on or about April 21, 2009."  (Pet. ¶ 12; Ex. B: Benjamin § 440 Aff. ¶¶ 13, 15.)3/  However, the First Department did not affirm Benjamin's conviction until October 2009.  (See page 3 above.)  Thus, November 25, 2009, the date on which the judgment became final by the expiration of the time to seek review, not April 21, 2009, the earlier date of discovery, would govern the one year limitations period under the AEDPA.  See, e.g., Rivas v. Fischer, 687 F.3d 514,

---

2/      (...continued)
period, since it was filed after the statute of limitations expired."); Williams v. Phillips, 04 Civ. 4653, 2005 WL 1806161 at *9 (S.D.N.Y. Aug. 2, 2005) (Peck, M.J.) ("The Second Circuit has made clear that the state collateral attack toll of § 2244(d)(2) does not start the one-year limitation period to run anew, especially when it has already expired before the collateral motion."); Rosario v. Bennett, 01 Civ. 7142, 2002 WL 31852827 at *13 & n.16 (S.D.N.Y. Dec. 20, 2002) (Peck, M.J.) (& cases cited therein), report & rec. adopted, 2003 WL 151988 (S.D.N.Y. Jan. 21, 2003).

3/      Moreover, any claim by Benjamin that he was unaware of the discrepancy is belied by the record.  In April 2009, Benjamin received a summary of the case linked to the erroneous complaint number that clearly indicated that it involved a different defendant.  (Pet. ¶ 12; Benjamin § 440 Aff. ¶¶ 13, 15; Dkt. No. 10: Benjamin Traverse ¶ 9.)  See, e.g., Friedman v. Rehal, 618 F.3d 142, 152 (2d Cir. 2010); Sanders v. Chappius, 12 Civ. 3339, 2013 WL 28471 at *2 (S.D.N.Y. Jan. 2, 2013); Haqq v. Yelich, No. 12-CV-2359, 2012 WL 5879121 at *4 (E.D.N.Y. Nov. 20, 2012); Florio v. Cuomo, 10 Civ. 0998, 2010 WL 5222123 at *8 (S.D.N.Y. Nov. 16, 2010), report & rec. adopted, 2011 WL 223217 (S.D.N.Y. Jan. 24, 2011).

537 (2d Cir. 2012) (rejecting application of § 2244(d)(1)(D) where the factual predicate was known prior to conclusion of direct review); Caldarola v. Capra, 12 Civ. 6133, 2013 WL 5328197 at *12-13 (S.D.N.Y. Sept. 6, 2013); Davis v. Bradt, No. 10-CV-3587, 2013 WL 4647615 at *2-3 (E.D.N.Y. Aug. 28, 2013); Patel v. Martuscello, No. 10-CV-4804, 2011 WL 703943 at *3 (E.D.N.Y. Feb.16, 2011).

Accordingly, Benjamin cannot rely on § 2244(d)(1)(D)'s one year from discovery provision to extend the limitations period, and his petition is time-barred.[4]

### C. Benjamin is Not Entitled to Equitable Tolling[5]

In Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549 (2010), the Supreme Court (as had the Second Circuit for years) held that the AEDPA limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. at 2560. The Supreme Court reiterated the long-standing Second Circuit rule that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).[6]

---

[4] Even if Benjamin's habeas petition was not time-barred under the AEDPA, his claim fails on the merits. It is an extraordinary assertion that the voluntariness of Benjamin's plea rested on the prosecution's promise to provide the correct complaint number at sentencing, rather than the prosecution's promise not to prosecute Benjamin on the 2006 burglary. To interpret Benjamin's acceptance of the guilty plea in this way defies all common sense. Benjamin clearly bargained for a twelve year to life sentence and non-prosecution for the May 2006 burglary, and that is precisely what he received. (See page 2 above.)

[5] Although Benjamin did not raise equitable tolling in his papers, the Court addresses this argument in the interest of thoroughness.

[6] The Second Circuit has explained the extraordinary circumstances/reasonable diligence standard with respect to equitable tolling of the AEDPA's limitations period:

(continued...)

9

Benjamin fails to argue the existence of some extraordinary circumstance that prevented the timely filing of either his § 440 motion or his habeas petition. Benjamin's own submissions support the conclusion that he knew of the erroneous complaint number as early as April 2009. No justification is offered as to why Benjamin took no action during the two and a half years between the expiration of his time to appeal and the filing of his § 440 motion. These same reasons preclude finding that Benjamin diligently pursued his rights.

Benjamin has not shown any extraordinary circumstance or that he tried to diligently pursue his rights, and thus equitable tolling is unavailable to him. Accordingly, Benjamin's petition should be DENIED as time-barred.

---

6/   (...continued)
To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll. To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Hence, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003); accord, e.g., Harper v. Ercole, 648 F.3d 132, 137-38 (2d Cir. 2011); Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); Bryan v. Lee, 09 Civ. 9276, 2013 WL 5586312 at *5 (S.D.N.Y. Oct. 9, 2013); Hernandez v. Khahaifa, 10 Civ. 6582, 2013 WL 3984958 at *8 (S.D.N.Y. July 31, 2013); Dowicyan v. Larkin, 12 Civ. 5157, 2013 WL 4028155 at *4 (S.D.N.Y. June 20, 2013); Prescod v. Brown, 10 Civ. 2395, 2011 WL 182063 at *3 (S.D.N.Y. Jan. 20, 2011) (Peck, M.J.), report & rec. adopted, 2011 WL 497855 (S.D.N.Y. Feb. 20, 2011); Forbes v. Walsh, 04 Civ. 5076, 2007 WL 54792 at *3 (S.D.N.Y. Jan. 9, 2007) (Peck, M.J.) (& cases cited therein), report & rec. adopted, 2007 WL 646267 (S.D.N.Y. Mar. 2, 2007).

## CONCLUSION

For the reasons discussed above, Benjamin's habeas petition should be DENIED as time-barred by the AEDPA's one-year limitations period (and as frivolous). A certificate of appealability should not be issued.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.[7/] Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 1350, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Crotty (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:    New York, New York
          November 27, 2013

---

[7/] If Benjamin requires copies of any of the cases reported only in Westlaw, he should request copies from respondent's counsel. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.2.

11

                        Respectfully submitted,

                        _____
                        **Andrew J. Peck**
                        United States Magistrate Judge

Copies to:        Billie Benjamin
                  Alyson J. Gill, Esq. (ECF)
                  Joanna Hershey, Esq. (ECF)
                  Judge Paul A. Crotty