UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

BILLIE BENJAMIN,                              :
                                              :
                         Petitioner,          :
                                              :
        -against-                             :
                                              :
T. GRIFFIN, Superintendent, Eastern           :
Correctional Facility,                        :
                                              :
                         Respondent.          :
                                              :
--------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-25-14
```

13 Civ. 5639 (PAC)(AJP)

**ORDER ADOPTING REPORT
& RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

On August 8, 2013, *pro se* Petitioner Billie Benjamin ("Petitioner") filed a 28 U.S.C. §

2254 petition challenging his May 17, 2007 conviction in Supreme Court, New York County

following his guilty plea to a charge of second degree attempted burglary.  He was sentenced to

twelve years to life imprisonment.  Petitioner claims his right to due process was violated

because his guilty plea was premised on inaccurate information and therefore was involuntary.

On September 3, 2013, the Court referred the matter to Magistrate Judge Andrew J. Peck.

Respondent opposed the petition on November 4, 2013.  On November 27, 2013, Judge Peck

issued a Report and Recommendation ("R&R") that the petition be denied as time-barred by the

one-year statute of limitations because Petitioner's conviction became final on November 25,

2009 and he is not entitled to equitable tolling.  Petitioner filed timely objections.[1]

## BACKGROUND

On April 26, 2007, Petitioner pled guilty to second degree attempted burglary before

Justice Gregory Carro.  In exchange for the plea, the State agreed not to prosecute him for an

_____

[1] Benjamin's request for additional time to file objections to the R&R, *see* ECF No. 12, is granted *sua sponte*.

unrelated burglary in 2006.  At Petitioner's request, Justice Carro read the 2006 burglary's

complaint number into the record at sentencing.  On May 17, 2007, Justice Carro sentenced

Benjamin to twelve years to life.  Petitioner's counsel reiterated that the 2006 burglary would not

be prosecuted and read into the record the corresponding complaint number that was provided by

the State.

On June 19, 2012, Petitioner filed a *pro se* motion to vacate the judgment, pursuant to

N.Y. C.P.L. § 440, alleging that his plea was based on inaccurate information provided by the

prosecution.  According to Petitioner, the complaint number read into the record at sentencing

did not correspond to the 2006 burglary, and if only he had known, he would not have pled

guilty.  In opposing the motion, the State stated that the inaccurate complaint number amounted

"to a scrivener's error" and provided the correct number.  On August 8, 2012, Justice Carro

denied Benjamin's motion and held that there was "no reasonable possibility that it is true that

[Petitioner] was induced to plead guilty by the prosecutor's misrepresentation.  It is of no legal

significance here that the prosecutor supplied an incorrect 'open 61' number to defense counsel."

The First Department denied Petitioner leave to appeal on March 5, 2013.

## DISCUSSION

I.    **Standard of Review**

A district court may "accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(c).  When a timely

objection is made to the magistrate's recommendations, the Court is required to review the

contested portions *de novo*.  *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  The

Court however, "may adopt those portions of the [R&R] to which no objections have been made

and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

## II.     Analysis

Petitioner objects to the R&R for two reasons.  First, Petitioner claims that Magistrate Judge Peck committed "factual errors that have affected the legal conclusions in the Report and Recommendation."  *See* Objections to Magistrate's Report and Recommendation ("Pet.'s Obj."), ECF No. 13, ¶ 5.  Petitioner claims that Magistrate Judge Peck overlooked the portion of the colloquy that preceded the plea bargain and other facts demonstrating that his petition is timely under 28 U.S.C. § 2244(d)(1)(D).  Under § 2244(d)(1)(D), an individual has one year to file a petition from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Petitioner asserts that the "erroneous number was not discovered until [he] had motioned the court over the nonexistent number and was informed by Respondent that a scrivener's error had been committed."  *See* Pet.'s Obj. ¶ 11.  But Petitioner's § 440 motion and habeas petition state that his appellate attorney discovered the erroneous 2006 case number "on or about April 21, 2009."  While Petitioner may have discovered the correct number for the 2006 burglary much later, he was aware of the factual predicate for his claims on April 21, 2009.  As a result, the Court holds that the petition was untimely under § 2244(d)(1)(D).

Second, Petitioner argues that Magistrate Judge Peck failed "to consider the aegis of actual innocence asserted . . . in his affidavit attached to his petition under the jurisprudence of *Spence v. Superintendent of Great Meadows Correctional Facility*, 219 F.3d 171 (2d Cir. 2000)." *See* Pet.'s Obj. ¶ 6.  In *Spence*, the trial court deferred the defendant's sentence and warned him that he would receive jail time if he was rearrested.  *Id.* at 165-66.  After the defendant was

3

rearrested, the judge imposed the deferred sentence despite the defendant's ultimate acquittal on the charges for which he was rearrested. *Id.* at 166. The Second Circuit held that the defendant was entitled to collaterally attack his sentence by asserting that he was actually innocent of the crime which triggered it. *Id.* at 171. *Spence* is not applicable here. Petitioner was sentenced for the crime to which he pled guilty. Petitioner's plea was contingent on the State's promise not to prosecute him for the 2006 burglary, and the State kept its promise. Petitioner's claim of innocence of the 2006 burglary is irrelevant.

## CONCLUSION

Having reviewed the remaining conclusions in the R&R for clear error and finding none, the Court adopts Judge Pecks's R&R in its entirety. Defendant's habeas petition is DENIED. Pursuant to 28 U.S.C § 1915(a), any appeal from this order would not be taken in good faith and therefore no certificate of appealability should be issued. The Clerk of Court is directed to enter judgment and to close this case.

Dated: New York, New York
     April 25, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

4

Copy Mailed By Chambers To:

Billie Benjamin
DIN# 07-A-3120
Eastern Correctional Facility
P.O. Box 338
Napanoch, NY 12458